### DETACHMENT OF LANDS FROM A MUNICIPALITY.

Circuit Court of Lucas County.

WILLIAM BAY ET AL v. VILLAGE OF SYLVANIA, AND ERNEST H. CUSHMAN ET AL v. VILLAGE OF SYLVANIA.

Decided, June 12, 1911.

*Annexation and Detachment of Territory from a Municipality—Civil Actions—Appeal.*

A proceeding to detach unplatted farm lands from a municipality, as provided in Sections 3578 and 3579, General Code, is not a civil action, and is therefore not appealable.

*Ray & Cordill* and *B. L. Hart*, for plaintiffs.
*E. C. Froehlich*, contra.

KINKADE, J.; WILDMAN, J., and RICHARDS, J., concur.

Motion to dismiss appeal.

These were proceedings in the court of common pleas under General Code, 3578, 3579, to detach certain farm lands from the village of Sylvania. The court of common pleas found upon a hearing that the lands should be detached as prayed for and judgments were entered accordingly. The village of Sylvania

brings the cases here on appeal, and the plaintiffs in the actions have filed in this court motions to dismiss the appeals on the ground that they are not civil actions, and therefore not actions that can be appealed to this court under General Code, 12224.

The sole question presented here is whether or not this is a civil action and is appealable under the section of the code above referred to.

We think a good deal of doubt has existed among the members of the bar as to whether a proceeding to detach real estate from an incorporated village under General Code, 3578 and 3579, is in fact a civil action. Some appeals have been perfected and heard without the question being raised by either side as to whether the right of appeal existed, and were it not for a decision of the Supreme Court of Ohio, rendered in 1907, to which our attention has been called in this case, the subject would not be free from doubt with us. The case to which we refer is that of *Hicksville* v. *Bricker,* being a decision of the circuit court in Defiance county [unreported]. The decision of the circuit court was afterwards affirmed without opinion by the Supreme Court in *Hicksville* v. *Bricker,* 76 Ohio St., 563.

In that case, like the one at bar, a judgment was entered detaching the real estate from the village as prayed for in the petition and thereafter an appeal was taken to the circuit court, and in that court a motion was filed to dismiss the appeal on the ground that the case was not appealable, not being a civil action. This was the sole question presented to the circuit court, and upon hearing the circuit court dismissed the appeal.

The counsel for the plaintiffs here has secured and presented to us the printed record in *Hicksville* v. *Bricker, supra,* together with the briefs of counsel on both sides, and also a certified copy of the mandate from the Supreme Court, all of which we have examined with care.

General Code, 11237, defining a civil action, was taken from an opinion of the Supreme Court in *Missionary Society* v. *Ely,* 56 Ohio St., 407, and the reply brief in *Hicksville* v. *Bricker, supra,* calls attention specially to this definition given by the Supreme Court, as to what constitutes a civil action. The whole subject was very thoroughly and very ably presented to the Supreme

Court in the briefs of counsel in the Hicksville case. There was but one question in that case, to-wit, the question as to whether a proceeding of this kind is a civil action, and therefore appealable to the circuit court, and the Supreme Court having affirmed the circuit in dismissing the appeal, the decision of the Hicksville case is controlling here, and upon that authority, the motion of plaintiffs to dismiss the appeal in this case must be granted.

---

## RELEASE BY EMPLOYE OF CLAIM FOR INJURIES.

Circuit Court of Hamilton County.

SALENA MAGUIRE, ADMINISTRATRIX, V. CINCINNATI TRACTION COMPANY.

Decided, June 24, 1911.

*Release—Effect of, Where Executed by an Injured Employe Who Afterward Died from the Effects of His Injuries—Sections 10770 and 11397.*

A release executed by an employe in full for all claims for damages growing out of an injury received by him while in said employment, bars his estate from further recovery in the event of his subsequent death in consequence of said injuries, but leaves intact any claim for loss sustained by the widow or next of kin.

*D. T. Hackett,* for plaintiff in error.
*George H. Warrington,* for the traction company.

JONES, J.; SMITH, P. J., and SWING, J., concur.

This action was brought below by plaintiff in error on behalf of the widow and next of kin of Hugh C. Maguire against the Cincinnati Traction Company, defendant in error, for damages on account of the death of said Hugh C. Maguire, which was caused, as alleged in the petition, by the negligence of defendant.

An answer was filed by defendant, one of the defenses therein being that the action is barred for the reason that after the alleged accident upon which the claim of plaintiff is founded, and before his death, plaintiff's intestate, upon payment to him of